| | |
|---|---|
| 1 | BINGHAM McCUTCHEN LLP |
|   | STEPHEN D. HIBBARD (SBN 177865) |
| 2 | JOHN D. PERNICK (SBN 155468) |
|   | URSULA M. HUSBY (SBN 215551) |
| 3 | Three Embarcadero Center |
|   | San Francisco, California 94111-4067 |
| 4 | Telephone: 415.393.2000 |
| 5 | Attorneys for Defendant |
|   | CREDIT SUISSE FIRST BOSTON |
| 6 | CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | ALAN LEFORT, Derivatively on Behalf of OPENWAVE SYSTEMS, INC., | No. C-02-2465 VRW |
| 12 |  | DEFENDANT CREDIT SUISSE FIRST BOSTON CORPORATION'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SHAREHOLDER DERIVATIVE COMPLAINT |
|    | Plaintiff, | |
| 13 | v. | |
| 14 | ALAN BLACK, ROGER EVANS, ANDREW VERHALEN, ALAIN ROSSMANN, CHARLES PARRISH, DAVID KRONFELD, REED HUNDT, CREDIT SUISSE FIRST BOSTON CORPORATION, ROBERTSON STEPHENS, INC., f/k/a BANCBOSTON ROBERTSON STEPHENS, INC., and DOES 1-25, inclusive, | |
| 18 | Defendants, | Date: March 27, 2003 |
|    |  | Time: 2:00 p.m. |
| 19 | and | Courtroom: 6, 17th Floor |
|    |  | Judge: Hon. Vaughn R. Walker |
| 20 | OPENWAVE SYSTEMS, INC., a Delaware Corporation, Nominal Defendant. | |

21493737.2/2023328-2233280011                                    Case No. C-02-2465 VRW

DEFENDANT CREDIT SUISSE FIRST BOSTON CORPORATION'S REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SHAREHOLDER DERIVATIVE COMPLAINT

3/13/03 2:58 PM

TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1
II. ARGUMENT .........................................................................................................1
    A. Plaintiff's Action Should Be Dismissed, Not Remanded .......................1
    B. What A California Court Might Do In Response To A Later Filed State Court Action Is Irrelevant ..................................................................................4
III. CONCLUSION .....................................................................................................6

TABLE OF AUTHORITIES

Page

Cases

*Barrows v. Jackson*, 346 U.S. 249 (1953)..................................................................................4

*Boyle v. MTV Networks,* 766 F. Supp. 809 (N.D. Cal. 1991) ....................................................3

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) ....................................................3

*Coyne v. American Tobacco Company*, 183 F.3d 488 (6th Cir. 1999).......................................4

*Faktor v. American Biomaterials Corp.*, 1991 WL 336922 (D.N.J. May 28, 1991) ..................2

*First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279 (Fed. Cir. 1999)..................................................................................................................................4

*Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd*, 493 U.S. 331 (1990).................................4

*Gaillard v. Natomas Co.*, 173 Cal. App. 3d 410 (1986) .............................................................5

*Hazen v. Southern Hills National Bank of Tulsa*, 414 F.2d 778 (10th Cir. 1969) ......................2

*Hogan v. Ingold*, 38 Cal.2d 802 (1952) ......................................................................................3

*Kona Enter., Inc. v. Estate of Bishop*, 179 F.3d 767 (9th Cir. 1999)...........................................1

*Lewis v. Chiles*, 719 F.2d 1044 (9th Cir. 1983) ..........................................................................2

*Lewis v. Knutson,* 699 F.2d 230 (5th Cir. 1983) .........................................................................4

*Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dept. of Human Services*, 876 F.2d 1051 (1st Cir. 1989)..................................................................3

*McCall v. Scott*, 239 F.3d 808 (6th Cir. 2001)............................................................................2

*Mortera v. North American Mortgage Co.*, 172 F. Supp. 2d 1240 (N.D. Cal. 2001)..................3

*Nedlloyd Lines B.V. v. Superior Court*, 3 Cal.4th 459 (1992) ....................................................5

*Recchion v. Kirby*, 637 F. Supp. 284 (W.D. Penn. 1985) ..........................................................2

*Starrels v. First National Bank of Chicago*, 870 F.2d 1168 (7th Cir. 1989).................................2

*Venner v. Great Northern Ry. Co.*, 209 U.S. 24 (1908)..............................................................2

*Warth v. Seldin*, 422 U.S. 490 (1975) ........................................................................................4

*Wesenberg v. Zimmerman*, 2002 WL 1398539 (D. Minn. June 24, 2002) .................................2

21493737.2/2023328-2233280011   ii   Case No. C-02-2465 VRW

DEFENDANT CREDIT SUISSE FIRST BOSTON CORPORATION'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SHAREHOLDER DERIVATIVE COMPLAINT

3/13/03 2:58 PM

|   |   |
|---|---|
| 1 | TABLE OF AUTHORITIES |
|   | (continued) |
| 2 | Page |
| 3 | <u>Statutes</u> |

**Statutes**

28 U.S.C. § 1447(c) .................................................................................................... 1, 3

Cal. Corp. Code § 800 .................................................................................................. 4, 5

**Rules**

Fed. R. Civ. Proc. 23.1 ............................................................................................ passim

**Constitutional Provisions**

U.S. CONST. art. III ......................................................................................................... 3, 4

**Miscellaneous Authorities**

10 Fed. Proc., L. Ed. § 25:15 (2003) .............................................................................. 3

Fletcher Cyc. Corp. § 5981.20 (Perm. Ed.) .................................................................... 3

21493737.2/2023328-2233280011  iii  Case No. C-02-2465 VRW

DEFENDANT CREDIT SUISSE FIRST BOSTON CORPORATION'S REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SHAREHOLDER DERIVATIVE COMPLAINT

## I. INTRODUCTION

Plaintiff admits he cannot satisfy the "contemporaneous ownership" requirement of Federal Rule of Civil Procedure 23.1 ("Rule 23.1"). Plaintiff's admission forecloses any need for further inquiry and compels dismissal of *this* plaintiff's action with prejudice. As the rulings of other federal courts which have dismissed shareholder derivative suits, after removal, for failure to comply with the pleading requirements of Rule 23.1 demonstrate, dismissal is required here.

Plaintiff asks this Court to ignore that precedent and remand this action, but there is no ground for doing so. Plaintiff does not dispute that this action was properly removed. Nor does he claim that this Court lacks subject matter jurisdiction. Plaintiff's argument is nothing more than an attempt to transform his opposition into a late, and meritless, motion to remand, which the Court should reject.

## II. ARGUMENT

### A. Plaintiff's Action Should Be Dismissed, Not Remanded

With the first sentence of his opposition brief, Plaintiff admits he does not satisfy Rule 23.1's contemporaneous ownership requirement. In the Ninth Circuit, it is settled law that, where a plaintiff in a derivative action does not satisfy the requirements of Rule 23.1, the action should be dismissed. *Kona Enter., Inc. v. Estate of Bishop*, 179 F.3d 767, 769-770 (9th Cir. 1999). Plaintiff asks the Court to remand rather than dismiss this action, but no statute or precedent authorizes remand.

First, Plaintiff identifies no statute authorizing remand of this action, which is hardly surprising since none exists. By statute, remand may be ordered only for lack of subject matter jurisdiction or for "any defect in removal procedure." 28 U.S.C. § 1447(c). Plaintiff does not claim that either ground for remand exists in this case.

Second, Plaintiff cites no case in which a court has remanded, rather than dismissed, an action for failing to meet Rule 23.1's requirements. To the contrary, courts

21493737.2/2023328-2233280011     1     Case No. C-02-2465 VRW

DEFENDANT CREDIT SUISSE FIRST BOSTON CORPORATION'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SHAREHOLDER DERIVATIVE COMPLAINT

3/13/03 2:58 PM

routinely dismiss removed derivative actions that do not meet those requirements. *See, e.g., Venner v. Great Northern Ry. Co.*, 209 U.S. 24, 34-35 (1908) (dismissal, not remand, of shareholder derivative suit for derivative plaintiff's failure to meet contemporaneous ownership requirement of former equity Rule 94 was proper because court had jurisdiction over the action based on diversity of the parties); *McCall v. Scott*, 239 F.3d 808, 815-16, 827 (6th Cir. 2001) (affirming dismissal of breach of loyalty claim in shareholder derivative suit for failure to satisfy demand requirements of Rule 23.1); *Starrels v. First National Bank of Chicago*, 870 F.2d 1168, 1169-72 (7th Cir. 1989) (affirming dismissal with prejudice of shareholder derivative suit removed to federal court, where plaintiff failed to satisfy Rule 23.1's demand and "continuous ownership" requirements); *Hazen v. Southern Hills National Bank of Tulsa*, 414 F.2d 778, 779 (10th Cir. 1969) (affirming dismissal of removed derivative action for failure to comply with requirements of Rule 23.1); *Wesenberg v. Zimmerman*, 2002 WL 1398539, *2-5 (D. Minn. June 24, 2002) (dismissing removed derivative suit for failure to make demand under Rule 23.1); *Faktor v. American Biomaterials Corp.*, 1991 WL 336922, *10-11 (D.N.J. May 28, 1991) (dismissing shareholder derivative suit removed on diversity grounds for "failure to comply with the requirements of Rule 23.1"); *Recchion v. Kirby*, 637 F. Supp. 284, 289 (W.D. Penn. 1985) (dismissing removed derivative action for failure to plead proper demand under Rule 23.1; Rule 23.1 "applies not only to action originally brought in federal court, but also actions removed from a state court").[1]

---

[1] Plaintiff implies that *Lewis v. Chiles*, 719 F.2d 1044 (9th Cir. 1983), supports remand, but that is incorrect. In *Lewis*, the Ninth Circuit affirmed the dismissal of a shareholder derivative suit when plaintiff lost his standing to prosecute the action. *Id*. at 1048. The Ninth Circuit explicitly recognized that "[t]he Court's decision in *Hannah [sic] v. Plumer* . . . indicates that Congress has the power to fashion rules of procedure which affect the manner in which state-created rights are enforced in federal courts." *Id*. at 1048, n.4. The Ninth Circuit recognized that application of Rule 23.1 may "close the door of the federal courts to suits by noncontemporaneous shareholders," and that such shareholders may find redress in state court, *id*., but the Court never suggested that remand, rather than dismissal, was proper.

21493737.2/2023328-2233280011　　　2　　　Case No. C-02-2465 VRW

DEFENDANT CREDIT SUISSE FIRST BOSTON CORPORATION'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SHAREHOLDER DERIVATIVE COMPLAINT

1           Third, the only support Plaintiff provides is a suggestion in Wright & Miller that
2    the remand statute should be construed so broadly as to permit remand of removed derivative
3    actions that do not meet Rule 23.1's requirements.  To our knowledge, no court has followed this
4    suggestion.  Neither have other commentators.  *See, e.g.*, Fletcher Cyc. Corp. § 5981.20 (Perm.
5    Ed.) ("If it is treated as a procedural requirement, Federal Rule 23.1 will apply to cases removed
6    from a state to a federal court [on the basis of diversity]."); 10 Fed. Proc., L. Ed. § 25:15 (2003)
7    ("The contemporaneous ownership requirement of FRCP 23.1 applies to derivative actions
8    removed from state to federal courts where the action is removed on the basis of diversity, even
9    though the action is removed from a court in a state where there is no contemporaneous
10   ownership requirement similar to FRCP 23.1").  The United States Supreme Court and the
11   California Supreme Court recognize that federal rules governing shareholder derivative suits
12   control in the federal courts even if there are no comparable state law requirements.  *Cohen v.*
13   *Beneficial Indus. Loan Corp.*, 337 U.S. 541, 556 (1949) (stating in dicta that former Rule 23(b)
14   (governing shareholder derivative suits) may be given effect in a federal court even though state
15   law contains no comparable requirement); *Hogan v. Ingold*, 38 Cal.2d 802, 813 (1952) (stating
16   that former Rule 23(b) "is enforceable in the federal courts even in states which permit derivative
17   suits without such a showing.")
18           Moreover, to "read" the remand statute as liberally as Plaintiff proposes would
19   erase the important distinction between constitutional standing and prudential standing.  Under
20   28 U.S.C. section 1447(c), an action may be remanded if the court lacks "subject matter
21   jurisdiction."  A court lacks subject matter jurisdiction if the plaintiff does not have standing
22   under Article III of the Constitution to bring his claim in federal court.  *See*, *e.g.*, *Boyle v. MTV*
23   *Networks,* 766 F. Supp. 809, 817-18 (N.D. Cal. 1991)) (case remanded because plaintiff failed to
24   allege any personal injury and, therefore, lacked Article III standing); *Mortera v. North*
25   *American Mortgage Co.*, 172 F. Supp. 2d 1240, 1244 (N.D. Cal. 2001) (same); *Maine Ass'n of*
26   *Interdependent Neighborhoods v. Commissioner, Maine Dept. of Human Services*, 876 F.2d

1051, 1053 (1st Cir. 1989) (case remanded because plaintiff "did not fulfill the minimal, constitutional requirements for standing" because its individual members "suffered no immediate or threatened injury."); *Coyne v. American Tobacco Company*, 183 F.3d 488, 496 (6th Cir. 1999) (case remanded because plaintiffs failed to meet "minimal, constitutional requirements for standing since they have not shown a particularized injury, or that their injury will be redressed by a verdict in their favor.")

In comparison, Rule 23.1 is one of a number of prudential standing requirements, which Congress adopted to further limit "who may invoke the courts' decisional and remedial powers." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also*, *Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd*, 493 U.S. 331, 336-37 (1990) (associating the "shareholder standing rule" with prudential standing requirements). But Rule 23.1's prudential requirements do not implicate the federal courts' subject matter jurisdiction under Article III. *First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1290 (Fed. Cir. 1999) ("The shareholder derivative standing requirements of Rule 23.1 involve prudential limitations, not constitutional limitations."); *see also*, *Barrows v. Jackson*, 346 U.S. 249, 255 (1953) (noting a prudential standing requirement is a "complementary rule of self restraint," which is separate and "apart from the jurisdictional requirement" of constitutional standing); *Lewis v. Knutson,* 699 F.2d 230, 236 (5th Cir. 1983) (holding "the constitutional limitation requiring an injury to satisfy the case or controversy requisite goes to the Court's jurisdictional *power* to hear the case, while the prudential limitation goes to the Court's administrative *discretion* to hear the case") (emphasis in original). As the cases cited above (p. 2) hold, dismissal, not remand, is the appropriate remedy for lack of prudential standing.

### B. What A California Court Might Do In Response To A Later Filed State Court Action Is Irrelevant

Plaintiff wastes much time arguing that a California state court would apply California Corporations Code section 800, and section 800's exception to the contemporaneous

1  ownership requirement, to his derivative claims. It is far from settled whether a California court
2  would either apply section 800 or determine that Plaintiff qualifies for its exception. Even
3  Plaintiff admits that a California court's decision on what law to apply would depend upon that
4  court's balancing of the interests at stake. Opp. at 5 citing *Nedlloyd Lines B.V. v. Superior*
5  *Court*, 3 Cal.4th 459 (1992). As for section 800's exception to the contemporaneous ownership
6  rule, the only case discussing the exception states that it "is considered to be 'so encumbered
7  with conditions and restrictions that it would appear to be virtually meaningless.'" *Gaillard v.*
8  *Natomas Co.*, 173 Cal. App. 3d 410, 420 (1986) (quoting 2 Marsh, Cal. Corp. Law & Prac., §
9  14.31, p. 253). And, even if section 800's exception does have meaning, Plaintiff has not
10 pleaded facts sufficient to satisfy its requirements. To actually qualify for the exception, he must
11 make a motion and present admissible evidence. Cal. Corp. Code § 800 (plaintiff seeking to
12 proceed with derivative action under exception to contemporaneous ownership rule must make
13 motion, with "evidence, by affidavit or testimony," showing that he meets the exception's
14 requirements).[2]

15         In any event, what a California state court may do in response to a derivative
16 action brought by Plaintiff would be for that court to decide, based upon all the pleadings and
17 evidence presented. To the extent Plaintiff seeks this Court's advisory ruling on those issues, his
18 request should be denied. The only issue before this Court is whether this action should be
19 dismissed because it fails to meet the requirements of Rule 23.1. The answer to that question is
20 "yes."

---

[2] Plaintiff erroneously states that CSFB agrees with him that no shareholder, other than corporate insiders, could have owned shares at the time the IPO price was set. Opp. at 5. CSFB's moving papers contain no statements regarding whether there are other shareholders, who owned shares prior to the pricing of the IPO, who have standing to bring a derivative action. Certainly the company had numerous shareholders prior to its IPO. Plaintiff presents no evidence supporting his claim that every one of those shareholders is a "corporate insider," and there is no reason to believe that is the case.

1  III.     CONCLUSION

2          Because Plaintiff admits his inability to satisfy the pleading requirements of Rule

3  23.1, Plaintiff's complaint should be dismissed.

4  DATED: March __, 2003

                                    BINGHAM McCUTCHEN LLP


                            By:_____
                                    Stephen D. Hibbard
                                    Attorneys for Defendant
                                 CREDIT SUISSE FIRST BOSTON
                                        CORPORATION

21493737.2/2023328-2233280011      6      Case No. C-02-2465 VRW

DEFENDANT CREDIT SUISSE FIRST BOSTON CORPORATION'S REPLY MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SHAREHOLDER DERIVATIVE COMPLAINT