1

2

3

4

5

6

7

8                    IN  THE  UNITED  STATES  DISTRICT  COURT

9                   FOR  THE  NORTHERN  DISTRICT  OF  CALIFORNIA

10

11  **ALAN LEFORT, derivatively and**          No C 02-2465 VRW
    **on behalf of OPENWAVE SYSTEMS,**
12  **INC,**
                                                          ORDER
13          **Plaintiff,**

14            **v**

15  **ALAN BLACK, ROGER EVANS, ANDREW**
    **VERHALEN, ALAIN ROSSMANN,**
16  **CHARLES PARRISH, DAVID**
    **KRONFELD, REED HUNDT, CREDIT**
17  **SUISSE FIRST BOSTON**
    **CORPORATION, ROBERTSON**
18  **STEPHENS, INC, fka BANCBOSTON**
    **ROBERTSON STEPHENS, INC, and**
19  **DOES 1-25 inclusive,**

20          **Defendants,**

21          **and**

22  **OPENWAVE SYSTEMS, INC,**

            **Nominal Defendant.**
23

24  _____/

25

26          **Plaintiff commenced this shareholder derivative action**

27  **in San Mateo County superior court on May 3, 2002.  See Compl**

28  **(Doc #1, Exh A).  Defendant Credit Suisse First Boston**

United States District Court

For the Northern District of California

Corporation (CSFB) answered on May 20, 2002. See CSFB Ans (Doc #1, Exh B). At the time CSFB filed its answer, neither CSFB nor any other defendant – in particular, no in-state defendant – had been served. See Not of Rem (Doc #1) at 2, ¶3. The next day, CSFB removed the action on diversity grounds, before plaintiff could serve any defendant alleged to be a citizen of California for purposes of jurisdiction. See Not of Rem (Doc #1).

On November 5, 2002, plaintiff filed a first amended complaint (FAC) in this court. Doc #59. Plaintiff then moved to transfer venue to the Southern District of New York. Doc #28. On November 19, 2002, plaintiff's motion was denied. Doc #60. Defendants then separately filed motions to dismiss. See Docs ##61, 63, 67. Because the argument advanced in the motion to dismiss filed by CSFB and joined by Robertson Stephens, Inc (Robertson Stephens) (Docs ##61, 62) had the potential to result in dismissal of the complaint in its entirety, the parties stipulated and the court ordered that hearing on the motions to dismiss filed by the individual and nominal defendants would be deferred until the court ruled on CSFB's motion. See Doc #74.

This order, therefore, addresses only CSFB's motion to dismiss (Doc #61). For the reasons detailed below, that motion (Doc #61) is GRANTED. Because the court finds this matter suitable for determination without oral argument, the hearing scheduled for March 27, 2003, is VACATED. See Civ LR 7-1(b).

/

/

/

2

United States District Court
For the Northern District of California

1                                    I

2          In the FAC, plaintiff alleges that CSFB and Robertson

3   Stephens (collectively, underwriter defendants) acted as lead

4   underwriters for the initial public offering (IPO) of common

5   stock in nominal defendant Openwave Systems, Inc (Openwave).

6   The FAC alleges that the underwriter defendants worked with

7   Openwave deliberately to underprice the shares issued in the

8   IPO.  See FAC (Doc #59), ¶¶ 40-52.  As a result of this

9   underpricing, the FAC alleges that the underwriter defendants

10  were able to secure large profits for favored customers at a

11  cost to Openwave of as much as $96 million.  See id, ¶88.  The

12  FAC states causes of action against the individual defendants

13  for breach of fiduciary duty, unjust enrichment and negligence

14  and against the underwriter defendants for breach of fiduciary

15  duty, unjust enrichment and breach of the duties of agent to

16  principal.  See id, ¶¶81-120.

17          Tellingly, the FAC nowhere alleges that plaintiff owned

18  shares of Openwave stock on or before the date of the Openwave

19  IPO, June 10, 1999.  By its nature, the wrongful conduct alleged

20  in the FAC – the improper fixing of Openwave's opening stock

21  price – must have occurred, if at all, on or before that date.

22  See FAC, ¶¶12, 76.

23

24                                   II

25          In considering a motion to dismiss under FRCP 12(b)(6),

26  the court must take the material allegations of the complaint as

27  true and construe them in the light most favorable to plaintiff.

28  See Pareto v FDIC, 139 F3d 696, 699 (9th Cir 1998).  The court

should dismiss a cause of action only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle him to relief." <u>Conley v Gibson</u>, 355 US 41, 45-46 (1957).  The court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>Sprewell</u>, 266 F3d at 988 (citing <u>Clegg v Cult Awareness Network</u>, 18 F3d 752, 754-55 (9th Cir 1994)).  It is accordingly improper "[to] assume that [plaintiff] can prove facts that [he] has not alleged." <u>Associated General Contractors of California, Inc v California State Council of Carpenters</u>, 459 US 519, 526 (1983).

Federal Rule of Civil Procedure 23.1 sets forth the procedural requirements for bringing a derivative action in federal court.  It requires, inter alia, that "the complaint * * * shall allege [] that the plaintiff was a shareholder * * * at the time of the transaction of which the plaintiff complains * * *."  FRCP 23.1.  This rule has consistently been read to state an additional requirement that plaintiff must retain ownership of shares of the stock at issue for the duration of the lawsuit: the so-called continuous share ownership requirement.  See <u>Lewis v Chiles</u>, 719 F2d 1044, 1048 (9th Cir 1983).

Under the doctrine first articulated in <u>Erie Railroad Co v Tompkins</u>, 304 US 64 (1938), a federal court sitting in diversity applies federal law to procedural matters and the law of the state in which it sits to substantive matters.  See id at 78; <u>Gasperini v Center for Humanities</u>, 518 US 415, 427 (1996).  The goals of the <u>Erie</u> doctrine are to discourage forum-shopping between state and federal courthouses and to minimize the

4

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

unfairness inherent in a system in which non-resident parties
have access to a forum unavailable to resident parties.  See
Guaranty Trust Co fo New York v York, 326 US 99, 109 (1945);
Hanna v Plumer, 380 US 460, 467 (1965).  The effect of Erie is
to guarantee that "a federal court adjudicating a state-created
right solely because of the diversity of citizenship of the
parties is for that purpose, in effect, only another court of
the State."  Guaranty Trust, 326 US at 108.

In Kona Enterprises, Inc v Estate of Bishop, 179 F3d
767 (9th Cir 1999), the Ninth Circuit established that "Rule
23.1's continuous share ownership requirement is procedural in
nature and thus applicable in diversity actions."  Id at 769
(internal citation omitted); see also Sax v World Wide Press,
809 F2d 610, 613 (9th Cir 1987).  As the Lewis court had earlier
explained in discussing the implications of Rule 23.1, "Congress
has the power to fashion rules of procedure which affect the
manner in which state-created rights are enforced in federal
courts."  Lewis, 719 F2d at 1048 n 4 (9th Cir 1983) (citing
Hanna, 380 US at 460 ff).

The court of appeals in Kona held that plaintiffs'
"failure to own stock in [nominal defendant] contemporaneously
with bringing suit deprives them of standing to pursue their
claims derivatively."  See Kona, 179 F3d at 769.  The appellate
panel rejected plaintiffs' arguments that they should be
accorded equitable standing and confirmed the district court's
holding that plaintiffs lacked standing to pursue their
derivative claims.  See id at 770.  The grounds for equitable
standing asserted by plaintiffs and rejected by the court of

1   appeals in <u>Kona</u> – based on case law involving bank foreclosures

2   and corporate mergers – are not applicable to the instant

3   action.

4           Plaintiff has alleged no facts supporting an inference

5   that he owned Openwave stock at the time of the IPO.  Indeed he

6   candidly concedes that he "does not satisfy the contemporaneous

7   [share] ownership requirement of [FRCP] 23.1."  Pl Opp (Doc #75)

8   at 1.  That fact is precisely the reason plaintiff filed the

9   original complaint in state court, because California law allows

10  for an exception to the contemporaneous share ownership

11  requirement under certain conditions.  Section 800(b)(1) of the

12  California Corporations Code permits a derivative plaintiff who

13  cannot demonstrate stock ownership at the time of the alleged

14  wrongful conduct nevertheless to proceed with an action in state

15  court if that plaintiff can demonstrate that:

16          (i)there is a strong prima facie case in favor of the
            claim asserted on behalf of the corporation, (ii) no
17          other similar action has been or is likely to be
            instituted, (iii) the plaintiff acquired the shares
18          before there was a disclosure to the public or to the
            plaintiff of the wrongdoing of which plaintiff
19          complains, (iv) unless the action can be maintained the
            defendant may retain a gain derived from defendant's
20          willful breach of a fiduciary duty, and (v) the
            requested relief will not result in unjust enrichment
21          of the corporation or any shareholder of the
            corporation, and [the plaintiff has met the other
22          requirements for bringing such an action].

23  Id.

24          "The Supreme Court has never resolved the issue whether

25  Rule 23.1(1) acts as a bar in a diversity case where state law

26  permits a noncontemporaneous shareholder to maintain a

27  derivative action."  <u>Lewis</u>, 719 F2d at 1048 n4.  As discussed

28  above, however, Ninth Circuit case law establishes that the

United States District Court
For the Northern District of California

1   requirements of FRCP 23.1 are procedural, hence applicable in a

2   diversity action.  Since plaintiff, by his own admission, cannot

3   meet one of the two requirements, plaintiff lacks standing to

4   pursue this action in this court.

5           Plaintiff's quandary is this:  He filed an action in

6   state court seeking to take advantage of the exception to the

7   contemporaneous share ownership requirement embodied in

8   California Corporations Code §800(b)(1).  Before he was able to

9   effect service on the in-state defendants in this action, CSFB

10  removed the matter to federal court.  Because plaintiff is a

11  Florida resident, diversity is complete and remand unobtainable.

12  Yet plaintiff lacks standing to pursue this action in federal

13  court, because he is barred from doing so by a federal rule the

14  Ninth Circuit has held to be procedural, thus applicable in

15  diversity actions.

16          Rather than arguing that he possesses standing to

17  proceed further in this court, plaintiff argues that the court

18  should remand the action to avoid the complete extinction of

19  plaintiff's case as a result of defendant's strategic reliance

20  on the federal removal statute and the Federal Rules of Civil

21  Procedure.  In the alternative, plaintiff argues that the court

22  should dismiss this action without prejudice.

23          In support of remand, plaintiff cites the suggested

24  resolution of this problem in Wright & Miller: "the district

25  court should be encouraged to remand a case for failure to

26  comply with Rule 23.1(1) rather than to dismiss it.  The scope

27  of the current federal statute authorizing the remand of cases

28  appears sufficiently broad to give the court discretion to

United States District Court
For the Northern District of California

7

accomplish this."  C Wright and A Miller, 7C <u>Fed Prac & Proc Civ</u> <u>2d</u> (Wright and Miller) §1829 (2002).

Plaintiffs' reliance on this suggestion is misplaced, however, as it in turn relies on an interpretation of a superceded portion of the federal removal statute.  Prior to the 1988 Amendments to 28 USC §1447, subsection (c) read, "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case * * *."  28 USC §1447(c) (1964) <u>amended by</u> 28 USC §1447(c) (1988).  That provision currently reads, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 USC §1447(c).  The argument set forth in Wright & Miller rests on an expansive reading of the former language that would allow a court to remand a case for lack of personal jurisdiction or something closely resembling it.  See Wright & Miller, § 1829 n34.  Under the version of §1447(c) currently in force, this avenue is blocked and remand at this juncture unavailable for any reason other than the lack of subject matter jurisdiction, which plaintiff cannot demonstrate here.

Plaintiff concedes the court's subject matter jurisdiction based on diversity and also concedes his own lack of standing to pursue this derivative action in federal court. Dismissal is appropriate accordingly.  See <u>Holly Sugar Co v</u> <u>Goshen Co Cooperative Beet Growers Ass'n</u>, 725 F2d 564, 567-68 (10th Cir 1984); <u>Ribbens International SA de CV v Transport</u> <u>International Pool, Inc</u>, 45 F Supp 2d 982, 984 n 2 (CD Cal 1999).

United States District Court

For the Northern District of California

1    Plaintiff's second argument is that dismissal should be

2  without prejudice.  The court concurs.  The Ninth Circuit has

3  directed that an order dismissing a complaint pursuant to FRCP

4  12(b)(6) "should * * * inform the plaintiff of the reason for

5  dismissal so that he can make an intelligent choice as to

6  amending."  Bonanno v Thomas, 309 F2d 320, 322 (9th Cir 1962)

7  (internal citation omitted).  The Bonnano court accordingly

8  reversed the district court's dismissal without leave to amend.

9  See id.  In cases in which a plaintiff's case is subject to

10  dismissal for a defect in the pleadings, district courts follow

11  the practice prescribed by Bonnano and furthermore, guided by

12  FRCP 15, routinely dismiss with leave to amend to correct the

13  identified defect(s) in the pleadings.  See FRCP 15; Allen v

14  City of Beverly Hills, 91 F2d 367, 373 (9th Cir 1990).

15    Had plaintiff served an in-state defendant prior to the

16  time CSFB filed its answer and sought immediate removal,

17  plaintiff could not have been forced into a federal forum of

18  CSFB's choosing.  See 28 USC §1441(b) ("Any [civil action not

19  founded on or arising out of a constitutional claim] shall be

20  removable only if none of the parties in interest properly

21  joined and served as defendants is a citizen of the State in

22  which such action is brought;" emphasis added); see also FAC

23  (Doc #59), ¶9 ("Plaintiff does not allege, either directly or

24  indirectly, any violation of any federal statute, regulation,

25  rule or, order * * *.").  Under these circumstances, the court

26  concludes that CSFB's motion to dismiss (Doc #61) must be

27  GRANTED, but that dismissal should be without prejudice to

28  plaintiff's either amending the complaint to state a claim

1   cognizable in federal court or - what seems more likely -

2   commencing a new action in state court.

3

4                                III

5          For the reasons stated above, CSFB's motion to dismiss

6   (Doc #61) is GRANTED.  The FAC is dismissed without prejudice.

7

8          IT IS SO ORDERED.

9

10                              _____

11                              VAUGHN R WALKER
                                United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

10